IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HENRY B. MOORE, Jr.,

      Petitioner,

    vs.                          Civil Action 2:16-cv-598
                                      Criminal No. 2:11-cr-173(2)
                                      Judge Marbley
                                      Magistrate Judge King

UNITED STATES OF AMERICA,

      Respondent.

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2255 in which Petitioner asks that his conviction on a charge of brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), be vacated. This matter is now before the Court on Petitioner's June 2016 *Motion to Vacate under 28 U.S.C. § 2255*, ECF No. 145 ("*Motion to Vacate*"), Respondent's *Motion to Dismiss*, ECF No. 150, and Petitioner's *Reply to the Motion to Dismiss*, ECF No. 151. For the reasons that follow, it is recommended that the *Motion to Dismiss* be granted.

The *Indictment* charged Petitioner with four (4) violations of federal law: conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (Count 1), armed bank robbery in violation of 18 U.S.C. § 2113(a),(d) (Count 2), carrying and brandishing one or more firearms during and in relation to a crime of violence as described in Counts 1 and 2, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), and 2 (Count 3), and being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(a) (Count 6). *Indictment*, ECF

1

No. 16. In August 2011, Petitioner entered into a plea agreement by which he agreed to plead guilty to armed bank robbery as charged in Count 2, and to carrying and brandishing a firearm during a crime of violence as charged in Count 3. *Plea Agreement*, ECF No. 50. Petitioner also expressly agreed that his conviction on Count 3 requires "a mandatory consecutive seven year term of imprisonment" up to "a maximum life term of imprisonment." *Id.* at PAGEID# 131.

On December 2, 2011, Petitioner was sentenced to 36 months in prison on the armed bank robbery charge and to 84 months in prison (*i.e.,* the statutory minimum) on the gun charge, such sentences to be served consecutively. *Judgment*, ECF No. 74; *Amended Judgment*, ECF No. 85. The remaining two (2) charges against Petitioner were dismissed. *Id*. Petitioner did not file an appeal from his conviction or sentence.

Proceeding with the assistance of counsel, Petitioner filed the *Motion to Vacate* on June 23, 2016, claiming that his conviction for armed bank robbery

> categorically fails to qualify as a "crime of violence" under § 924(c)'s "force" clause [*i.e.*, § 924(c)(3)(A)], and because § 924(c)'s residual clause [*i.e.*, § 924(c)(3)(B)] is unconstitutionally vague, no legal basis exists for a § 924(c) conviction.

*Motion to Vacate*, PAGEID# 471.

As noted *supra,* Petitioner was convicted and sentenced under Section 924(c)(1)(A)(i), (ii), which requires enhanced punishment for any person who, *inter alia*, "uses, carries, or possesses a firearm during and in relation to" or "in furtherance of" any crime of violence.[1] The term "crime of violence" is defined as a felony that:

---

[1] Conviction for carrying a firearm during and in relation to a crime of violence requires a sentence to "a term of imprisonment of not less than 5 years" and, "if the firearm is brandished . . . a term of imprisonment of not less than 7 years. . . ." 18 U.S.C. § 924(c)(1)(A)(i), (ii).

(A)   has as an element the use, attempted use, or
      threatened use of physical force against the person or
      property of another, or

(B)   that by its nature, involves a substantial risk that
      physical force against the person or property of
      another may be used in the course of committing the
      offense.

18 U.S.C. § 924(c)(3).[2]

Petitioner argues, first, that his conviction under §
924(c)(1)(A)(i), (ii) is unconstitutional in light of *Johnson v.
United States*, -- U.S. --, 135 S.Ct. 2551 (2015). In *Johnson*, the
United States Supreme Court concluded that the residual clause of the
Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), is
unconstitutionally vague and violates the Constitution's guarantee of
due process. However, Petitioner was not sentenced under 18 U.S.C. §
924(e)(1). Petitioner was sentenced, pursuant to the express terms of
his plea agreement, to 84 months in prison for brandishing a firearm
"during and in relation to a crime of violence" within the meaning of
18 U.S.C. § 924(c)(1)(A)(i), (ii) - *i.e.,* the armed bank robbery to
which he also pleaded guilty. Moreover, the United States Court of
Appeals for the Sixth Circuit has held that the "residual clause" of §
924(c)(3)(B) is unaffected by *Johnson*. *United States v. Taylor*, 814
F.3d 340, 379 (6th Cir. 2016)rehearing *en banc* denied (May 9, 2016).

Petitioner also argues that his conviction for armed bank robbery
under 18 U.S.C. § 2113(a), (d) cannot qualify as a crime of violence
under the "force clause" of 18 U.S.C. § 924(c)(3)(A) in light of
*Descamps v. United States*, 570 U.S. --, 133 S.Ct. 2276 (2013).  In
*Descamps*, the United States Supreme Court held that, in determining

---

[2] Subsection A is the "force clause" referred to by Petitioner in the *Motion to Vacate*; Subsection B is the "residual clause" referred to by Petitioner in the *Motion to Vacate*.

whether a prior conviction may properly serve as a predicate crime of violence within the meaning of the ACCA, a court must look to the statutory elements of the prior crime. If the statute sets out a single (or indivisible) set of elements to define a single crime, a court must apply a categorical approach:

> Sentencing courts may "look only to the statutory definitions" – i.e., the elements – of a defendant's prior offenses, and *not* "to the particular facts underlying those convictions." [*Taylor v. United States*, 495 U.S. 575,] 600 [(1990)]. If the relevant statute has the same elements as the "generic" ACCA crime, then the prior conviction can serve as an ACCA predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is "necessarily . . .  guilty of all the [generic crimes'] elements." *Id*. at 599. But if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form. The key . . . is elements, not facts.

133 S.Ct. at 2282 (emphasis in original). In *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016), the Supreme Court recognized that some statutes "may list elements in the alternative, and thereby define multiple crimes." *Id.* at 2249. Where the statute governing the predicate offense has such a "divisible" structure, a court may use a "modified categorical approach," by which the court

> looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of[,] . . .[and] can then compare that crime . . . with the relevant generic offense.

*Id.* at 2239.

To the extent that the *Motion to Vacate* relies on *Descamps*, it would appear to be untimely. *See* 28 U.S.C. § 2255(f)(establishing a one-year statute of limitations for motions to vacate under 28 U.S.C.

4

§ 2255). Moreover, *Descamps* has not been held to apply retroactively on collateral review. Even overlooking these observations and ignoring the fact that Petitioner was not sentenced under the ACCA, however, *Descamps* and *Mathis* do not offer the relief sought by Petitioner.

Petitioner's conviction for armed bank robbery under 18 U.S.C. § 2113(a), (d) formed the predicate crime of violence underlying his conviction under § 924(c)(1)(A)(i), (ii). The statute prohibiting bank robbery provides in pertinent part as follows:

> **(a)** Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.
>
> *    *        *
>
> **(d)** Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(a), (d).

The United States Court of Appeals for the Sixth Circuit has held that § 2113(a) contains

> a divisible set of elements, only some of which constitute violent felonies – taking property from a bank by force and violence, or intimidation, or extortion on one hand and entering a bank intending to commit any felony affecting it (*e.g.*, such as mortgage fraud) on the other.

*United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016), rehearing *en banc* denied (July 20, 2016). Under these circumstances, it is the modified categorical approach that should be followed to determine whether a particular §2113(a) conviction qualifies as a crime of violence. *Id*. (citing *Descamps*, 133 S.Ct. at 2285).

Count 2 of the *Indictment* in this case, the conviction for which formed the basis of Petitioner's conviction and sentence under § 924(c)(1)(A)(i), (ii), charged as follows:

> On or about June 10, 2011, in the Southern District of Ohio, the defendants, **ANTHONY C. BARRETT, HENRY B. MOORE, JR.** and **NATHANIEL CREWS, JR.,** by ***force and violence and by intimidation,*** did take from the person and presence of bank employees, approximately $7,098.00 in U.S. currency belonging to and in the care, custody, control, management and possession of Huntington National Bank, 2631 E. Main Street, Bexley, Ohio, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and the defendants, **ANTHONY C. BARRETT, HENRY B. MOORE, JR.** and **NATHANIEL CREWS, JR.,** in committing the aforesaid offense, did put in jeopardy the lives of employees and customers of said bank by means and use of a dangerous weapon, that is, one or more firearms.
>
> In violation of 18 U.S.C. §§2113(a) and (d) and 2.

*Indictment*, PAGEID# 51 (emphasis added). Plainly, Petitioner was charged under the first paragraph of § 2113(a). In considering the

6

career offender provisions of the United States Sentencing Guidelines, USSG § 4B1.1(a)(3),[3] the Sixth Circuit expressly held that armed bank robbery by force and violence and by intimidation is a crime of violence.

> Bank robbery by "force and violence" plainly involves "the use, attempted use, or threatened use of physical force." Whether the same is true of bank robbery by "intimidation" is a closer question, although not by much. In the context of § 2113(a), "intimidation" means "conduct and words . . . calculated to create the impression that any resistance or defiance...would be met by force." *United States v. Gilmore,* 282 F.3d 398, 402 (6th Cir. 2002); *see also James Lindgren, "Blackmail and Extortion," in 1 Encyclopedia of Crime and Justice* 115, 115 (Sanford H. Kadish ed., 1983) ("[R]obbery by intimidation" involves the "threat[ ] to do immediate bodily harm, whereas ...blackmail or extortion" involves the "threat[ ] to do bodily harm in the future."). Intimidation concerns whether an ordinary person would feel threatened under the circumstances, *Gilmore,* 282 F.3d at 403, but the prosecution must prove that the defendant possessed "general intent—that is . . . knowledge" — with respect to taking the property by intimidation, *Carter v. United States*, 530 U.S. 255, 268, 120 S. Ct. 2159, 147 L.Ed.2d 203 (2000). The defendant must at least know that his actions would create the impression in an ordinary person that resistance would be met by force. A taking by intimidation under § 2113(a) therefore involves the threat to use physical force. *See, e.g.*, *United States v. McNeal*, 818 F.3d 141, 153, (4th Cir. 2016); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) ("There is no 'space' between 'bank robbery' and 'crime of violence'" under the physical-force clause of § 4B1.2(a).); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990).

> We reject McBride's contention that daylight can be found between "intimidation" and "threatened use of physical force." Although McBride is correct that intimidation can be communicated by "words, demands, and gestures," so too with the threat of physical force, *Gilmore*, 282 F.3d at 402. Furthermore, even if we accept McBride's arguments that one can threaten to cause bodily injury that does not

---

[3] The definition of a crime of violence for purposes of the career offender guideline, USSG § 4B1.1(a)(3), is identical to that found in 18 U.S.C. § 924(c)(3)(A).

> require physical force . . . that is not the case with
> intimidation in the § 2113(a) context, which requires the
> threat to use physical force, not merely to cause bodily
> injury.

*McBride*, at 295-96.[4] Using this same reasoning, this Court concludes

that Petitioner's conviction for armed bank robbery under 18 U.S.C. §

2113(a), (d) qualifies as a crime of violence within the meaning of 18

U.S.C. § 924(c)(3)(A) and properly served as a predicate supporting

Petitioner's conviction and sentence under 18 U.S.C. §

924(c)(1)(A)(i), (ii).

It is therefore **RECOMMENDED** that the *Motion to Dismiss,* ECF No.

150, be granted.

If any party seeks review by the District Judge of this *Report*

*and Recommendation*, that party may, within fourteen (14) days, file

and serve on all parties objections to the *Report and Recommendation*,

specifically designating this *Report and Recommendation*, and the part

thereof in question, as well as the basis for objection thereto.  28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections

must be filed within fourteen (14) days after being served with a copy

thereof.  Fed. R. Civ. P. 72(b).

---

[4] McBride challenged his designation as a career offender under the United
States Sentencing Guidelines, § 4B1.1(a)(3), which requires at least two
prior felony convictions for a crime of violence or a controlled substance
offense. The Sixth Circuit rejected McBride's contention that his prior bank
robbery convictions could be regarded as crimes of violence only through the
guideline's residual clause, which had been invalidated following *Johnson.*
*See United States v. Pawlak*, 822 F.3d 902, 910-11 (6th Cir. 2016). *McBride*,
826 F.3d at 295.

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

s/Norah McCann King

Norah M^cCann King

September 28, 2016                United States Magistrate Judge