IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HENRY B. MOORE, Jr.,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

Civ. No. 2:16-cv-598
Crim. No. 2:11-cr-173(2)
JUDGE MARBLEY
Magistrate Judge King

## OPINION AND ORDER

This is an action under 28 U.S.C. § 2255 in which Petitioner asks that his conviction on a charge of brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), be vacated. On September 28, 2016, the Magistrate Judge recommended that Respondent's *Motion to Dismiss* (ECF No. 150) be granted and that the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 145) be dismissed. *Report and Recommendation* (ECF No. 156). Petitioner objects to that recommendation. *Objection* (ECF No. 161). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 161) is **OVERRULED**. The *Report and Recommendation* (ECF No. 156) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (ECF No. 150) is **GRANTED**. The *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 145) is **DISMISSED**.

Petitioner was convicted, based on his guilty pleas, on a charge of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and on a charge of carrying and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii). Petitioner now claims

that his firearm conviction under § 924(c)(1)(A)(i), (ii) is unconstitutional in light of *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551 (2015)(declaring the residual clause of the Armed Career Criminal Act, "ACCA," of 18 U.S.C. § 924(e)(1) to be unconstitutionally vague). He also claims that his armed bank robbery conviction under 18 U.S.C. § 2113(a), (d) does not qualify as a crime of violence in light of *Descamps v. United States*, — U.S. —, 133 S.Ct. 2276 (2013), and therefore cannot serve as the predicate for the firearm conviction. The Magistrate Judge recommended dismissal of Petitioner's claims on the merits. Specifically, the Magistrate Judge recommended dismissal of Petitioner's first claim, reasoning that § 924(c) is unaffected by *Johnson*. *Report and Recommendation*, PageID# 516 (citing *United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016)). The Magistrate Judge also recommended dismissal of Petitioner's second claim, reasoning that Petitioner's armed bank robbery conviction qualifies as a crime of violence sufficient to serve as a predicate offense for Petitioner's firearm conviction. *Id.* at PageID# 518-20 (citing *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016)). The Magistrate Judge also observed that Petitioner's second claim, which was based on *Descamps,* appears to be time barred under 28 U.S.C. § 2255(f) and that, in any event, *Descamps* has not been held to apply retroactively on collateral review. *Id.* at PageID# 517-18.

In his *Objection,* Petitioner argues that *Taylor* was wrongly decided because the United States Court of Appeals for the Sixth Circuit improperly employed a modified categorical approach, rather than a categorical approach, to determine whether a prior conviction qualifies as a "crime of violence." Petitioner points to the Supreme Court's recent decision in *Mathis v. United States*, — U.S. —, 136 S.Ct. 2243 (2016), in support of that position and as a basis for the timeliness of his claims. Petitioner specifically argues that the predicate crime underlying his firearm conviction, *i.e.*, armed bank robbery, does not qualify as a crime of violence because,

analyzed categorically, the charge does not require violent conduct, but may also be established by, for example, evidence of intimidation, or entering a bank with the intent to commit a felony therein. Petitioner's arguments in this regard are not well-taken.

*Mathis*, upon which Petitioner relies, addressed the ACCA, which requires, *inter alia*, an enhanced sentence for a defendant who has at least three prior convictions for a "violent felony," including "burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii). In determining whether a past conviction qualifies as a "violent felony" within the meaning of the ACCA, *Mathis* instructs, courts must analyze the statute upon which the predicate conviction was based. If the statute is "one that enumerates various factual means of committing a single element," *Mathis*, 136 S. Ct. at 2249, "courts compare the elements of the crime of conviction with the elements of the 'generic' version of the listed offense – *i.e.*, the offense as commonly understood." *Id.* at 2247. In so doing, courts apply the "categorical approach," which focuses solely on the elements of the crime of conviction and ignoring the particular facts of the case. *Id.* at 2248 (citing *Taylor v. United States*, 495 U.S. 575, 600-60 (1990)). A prior conviction under such a statute qualifies as an ACCA predicate offense only if its elements are the same as, or narrower than, those of the generic offense. *Id.* at 2247. However, where a statute lists elements in the alternative, defining multiple crimes, courts apply a "modified categorical approach" and may look "to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of" in order to determine whether a defendant's prior conviction qualifies as an ACCA predicate offense. *Id.* at 2249 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005); *Taylor*, 495 U.S. at 602).

Petitioner was not convicted under § 924(e)(2)(B)(ii). Rather, Petitioner was convicted on his pleas of guilty to armed bank robbery and to carrying and brandishing a firearm during

3

and in relation to that crime. By his guilty pleas, Petitioner admitted to bank robbery "by force and violence and by intimidation" and, in committing the offense, putting in jeopardy the lives of employees and customers of the bank by means and use of "one or more firearms." *Indictment* (ECF No. 16), PageID# 51. Petitioner's conviction does not implicate the residual clause of § 924(c)(3)(B) because Petitioner expressly admitted his guilt to an offense (*i.e.*, armed bank robbery) that qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A), *i.e.*, a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" Moreover, "[i]n numerous cases the Sixth Circuit has affirmed the convictions of criminal defendants for committing (1) armed bank robbery and (2) brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), without expressing any reservation about whether armed bank robbery constitutes a 'crime of violence.' " *United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *7 (E.D. Mich. Dec. 18, 2015) (citing *United States v. Crowe*, 614 Fed. Appx. 303, 306 (6th Cir. 2015)); *United States v. Lawrence*, 735 F.3d 385 (6th Cir. 2013); *United States v. Shuck*, 481 Fed. Appx. 600, 603 (11th Cir. 2012)); *see also United States v. Church*, No. 1:15-CR-42-TLS, 2015 WL 7738032, at *6 (N.D. Indiana Dec. 1, 2015) ("The case law is replete with cases where a defendant has been convicted of using a firearm during a crime of violence where the predicate offense is bank robbery."); *United States v. Green*, No. RDB-15-0526, 2016 WL 277982, at *2-3 (D. Maryland Jan. 22, 2016) (armed robbery constitutes a crime of violence under the force clause of § 924(c)(3)(A)) (citing *United States v. Adkins*, 937 F.2d 947 (4th Cir. 1991)) (citations omitted). "Nothing in the Supreme Court's recent decisions calls this into doubt. And nothing in the statute suggests that congressional intent would be served by finding that bank robbery is not a crime of violence." *Church*, 2015 WL 7738032, at *6. In addition, the United States Court of

4

Appeals for the Sixth Circuit has held that the statute prohibiting bank robbery, 18 U.S.C. § 2113(a), contains

> a divisible set of elements, only some of which constitute violent felonies – taking property from a bank by force and violence, or initiation, or extortion on one hand and entering a bank intending to commit any felony affecting it (*e.g.*, such as mortgage fraud) on the other.

*McBride*, 826 F.3d at 295-96. In *McBride*, the Sixth Circuit rejected the argument that armed bank robbery does not qualify as a crime of violence within the meaning of § 924(c)(3)(A) merely because it may be committed through the use of intimidation. Applying the modified categorical approach, the United States Magistrate Judge concluded that Petitioner was actually charged with and convicted of a crime of violence within the meaning of § 924(c)(3)(A). *Report and Recommendation*, PageID# 519-21. This Court agrees with that conclusion.

Moreover, this Court does not agree with Petitioner's contention that *Mathis* repudiates the use of the modified categorical approach under these circumstances. *See United States v. Justice*, No. 1:09-cr-180, 2016 WL 4194376, at *3-4 (S.D. Ohio Aug. 9, 2016) (*Mathis* "contains no repudiation of the modified categorical approach, but rather a continued endorsement."). Indeed, the Sixth Circuit has continued to use the modified categorical approach even after the decision in *Mathis*. *See, e.g., United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016).

The Court likewise finds unpersuasive Petitioner's argument that *Mathis* calls into doubt the validity of the Sixth Circuit's decision in *Taylor*, 495 U.S. at 600 (holding that *Johnson* does not affect the validity of § 924(c)'s residual clause).

> *Taylor* was a direct appeal from convictions and a death sentence for carjacking resulting in death, kidnapping resulting in death, and using a firearm to commit murder while committing carjacking and kidnapping. 814 F.3d at 345. Taylor had argued that *Johnson 2015* compelled a finding that § 924(c)(3)(B) was unconstitutionally vague. *Id.* at 375. The *Taylor* court noted that carjacking and kidnapping had been found to be "crimes of violence" under §

5

> 924(c)(3)(B), the residual clause of § 924(c)(3), not the elements clause, which is § 924(c)(3)(A). *Id.* at 376.

*United States v. Justice*, 2016 WL 4194376, at *3. Significantly, in *Taylor*, the Sixth Circuit distinguished the residual clause of the ACCA from the residual clause found in 18 U.S.C. § 924(c)(3)(B).

> First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury. Second, the ACCA residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the clause, whereas there is no such weakness in § 924(c)(3)(B). Third, the Supreme Court reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to § 924(c)(3)(B). Finally, the Supreme Court was clear in limiting its holding to the particular set of circumstances applying to the ACCA residual clause, and only some of those circumstances apply to § 924(c)(3)(B).

*Taylor*, 814 F.3d at 378. Further, the *Taylor* court did not apply the modified categorical approach to reach its conclusion in that case. *See United States v. Justice*, 2016 WL 4194376, at *3 ("Justice claims that the *Taylor* court used a modified categorical approach to reach its conclusion. Not so.").

Finally, and contrary to Petitioner's argument here, nothing prevented him from raising his claim that his armed robbery conviction categorically does not constitute a crime of violence under § 924(c)(3)(A) long before the Supreme Court's decisions in *Johnson* and *Mathis*. *See United States v. Justice*, 2016 WL 4194376, at *2 ("This argument assumes the principles or precedents involved are timeless. They are not.") Petitioner's claim does not implicate the residual clause addressed in *Johnson,* nor does this case require the application of the categorical approach under the circumstances presented in *Mathis*. Further, Petitioner refers to no case holding that *Mathis* is to be applied retroactively to cases on collateral review and many courts

6

have reached the contrary conclusion. *See, e.g., Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016); *Crawford v. United States*, No. 10-20269, 2016 WL 5402967, at *2-3 (E.D. Mich. Sept. 28, 2016); *King v. United States*, No. 16-22261-CIV, 2016 WL 4487785, at *9 (S.D. Fla. Aug. 24, 2016).

For all of the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 161) is **OVERRULED**. The *Report and Recommendation* (ECF No. 156) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (ECF No. 150) is **GRANTED**. The *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 145) is **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

ALGENON L. MARBLEY
United States District Judge

**DATE: October 31, 2016**

7