FILED
RICHARD W. NAGEL
CLERK OF COURT

2017 JAN -3 PM 3: 25

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**HENRY B. MOORE, Jr.,**

    **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

Civ. No. 2:16-cv-598
Crim. No. 2:11-cr-173(2)
**JUDGE MARBLEY**
**Magistrate Judge King**

## OPINION AND ORDER

Petitioner was convicted, based on his guilty pleas, on a charge of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and on a charge of carrying and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii). Petitioner filed a *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 162), claiming that his firearm conviction under § 924(c)(1)(A)(i), (ii) is unconstitutional in light of *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551 (2015) (declaring the residual clause of the Armed Career Criminal Act, "ACCA," of 18 U.S.C. § 924(e)(1) to be unconstitutionally vague). He also claims that his armed bank robbery conviction under 18 U.S.C. § 2113(a), (d) does not qualify as a crime of violence in light of *Descamps v. United States*, — U.S. —, 133 S.Ct. 2276 (2013), and therefore cannot serve as the predicate for the firearm conviction. On November 4, 2016, the Court dismissed the *Motion to Vacate. Opinion and Order* (ECF No. 162.) This matter is now before the Court on Petitioner's *Notice of Appeal and Request for Certificate of Appealability*. (ECF No. 163.) For the reasons that follow, Petitioner's request for a certificate of appealability is **DENIED.**

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, — U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). In order to secure a certificate of appealability, the petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S. at 893 n.4).

For the reasons stated in the *Report and Recommendation* (ECF No. 156) and in the *Opinion and Order* (ECF No. 162) adopting the Magistrate Judge's recommendation, this Court is not persuaded that reasonable jurists would debate whether this Court properly dismissed Petitioner's claims. The United States Court of Appeals for the Sixth Circuit has explicitly rejected the proposition that *Johnson* invalidates the residual clause of § 924(c). *United States v. Taylor*, 814 F.3d 340, 375 (6th Cir. 2016). Further, Petitioner admitted his guilt to armed bank robbery, the predicate charge for his § 924(c) conviction, and the United States Court of Appeals for the Sixth Circuit has repeatedly affirmed convictions of criminal defendants for committing armed bank robbery and brandishing a firearm during and in relation to that offense, without expressing any reservation whatsoever that armed bank robbery constitutes a crime of violence within the meaning of the statute. *See, e.g., United States v. Crowe*, 614 F. App'x 303, 306 (6th


Cir. 2016); *United States v. Lawrence*, 735 F.3d 385 (6th Cir. 2013). *See also United States v. Shuck*, 481 F. App'x 600, 603 (11th Cir. 2012); *United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *7 (E.D. Mich. Dec. 18, 2015). Moreover, nothing prevented Petitioner from raising his claim that his armed robbery conviction, analyzed categorically, does not constitute a crime of violence under § 924(c)(3)(A) long before the Supreme Court's decisions in *Johnson* or *Mathis v. United States*, — U.S. —, 136 S.Ct. 2243 (2016) (addressing the determination of whether a prior conviction qualifies as a "violent felony" within the meaning of the Armed Career Criminal Act). Finally, Petitioner's claim in this regard does not require application of the categorical approach under the circumstances presented in *Mathis*, and Petitioner refers to no case holding that *Mathis* is to be applied retroactively to cases on collateral review.

For all these reasons, then, Petitioner's request for a certificate of appealability included in his *Notice of Appeal* (ECF No. 163), is **DENIED**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**Dated: January 3, 2017**